UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

FAYTIMA HOWARD f/k/a
FAYTIMA LEAK, for herself             Case No.
and all those similarly situated,           Hon.

    Plaintiffs,

v

MACOMB COUNTY, by its
Board of Commissioners,

    Defendants.

_____/

## **COMPLAINT**

NOW COMES Plaintiff, FAYTIMA HOWARD f/k/a FAYTIMA LEAK, by and through her attorneys and states as follows:

1. Defendant has illegally seized property in the form of surplus money following tax foreclosure from private individuals and entities without any compensation at all.

2. Michigan law generally allows counties to foreclose on real property in order to satisfy outstanding unpaid property taxes. But Defendant herein abuses this process. It does not foreclose on the parcel, sell it, keep the amount of outstanding taxes plus reasonable fees, and return the rest to

1

the owner.  Rather, it forecloses, sells the property at a reduced amount, and keeps all of the proceeds and surplus for itself. As a result, property owners lose the entire value of their property, which is often orders of magnitude more than the outstanding tax bills.

## PARTIES

3.  Plaintiff Faytima Howard f/k/a Faytima Leak is a former owner of improved real property in Macomb County, Michigan which was foreclosed upon due to a tax delinquency but was injured by the unconstitutional acts or actions of Defendant via its unconstitutional taking of surplus proceeds. Plaintiff currently resides in Macomb County, Michigan.

4.  Defendant Macomb County by its Board of Commissioners is a named legal entity formed under and/or existing under the laws of the State of Michigan and is controlled or operated by its duly designated Board of Commissioners.

## JURISDICTION

5.  This is a civil action brought seeking unpaid "just compensation" and other monetary damages against Defendant for violations of the United States Constitution.

6.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28

U.S.C. § 1343 and 42 U.S.C. § 1983, which authorizes federal courts to hear and decide civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 U.S.C. § 1367, which authorizes supplemental state law claims.

7. Venue is proper in this Court as Defendant conducts or has conducted business in the Eastern District of Michigan.

**GENERAL ALLEGATIONS**
**MICHIGAN'S TAX FORECLOSURE PROCESS**

8. Like many states, Michigan provides for the taxation of real property in order to finance local governments such as counties, municipalities, and school districts and the collection of delinquent taxes.

9. However, this case involves what happens after the taxation process is completed and surplus money remains after the county is paid in full for all delinquent taxes, interest, penalties, and fees.

10. Defendant administers a foreclosure-and-auction process so that after it regularly sells a parcel at auction (often times for less than its fair market value), it retains the entire amount of the proceeds. Furthermore, even if the sale proceeds exceed the amount of the delinquent taxes – indeed, even if the proceeds far exceed the tax bill – they do not return any of the excess to the property's former owner or provide compensation for that portion of the equity destroyed by underselling the parcel.

**19790 WESTCHESTER DR, CLINTON TWP, MICHIGAN**

11. Plaintiff Faytima Howard was the owner of real property commonly known as 19790 Westchester Drive, Clinton Township, Michigan, being parcel 16-11-09-254-011. ("the Westchester property")

12. On or about February 4, 2022 Defendant successfully petitioned for and seized ownership of the Westchester property through a Judgment of Foreclosure.

13. Defendant sold the Westchester property at a tax auction on or about September 6, 2023 for $499,007.00.

14. The sale price was much greater than any delinquency.

15. Defendant refuses to pay just compensation to Plaintiff for the Westchester property.

16. Defendant Macomb County has seized other parcels of real property from other individuals and entities in the same fashion as the Westchester property.

**THE CONDUCT AT ISSUE REFLECTS COUNTY POLICY**

17. The actions described herein is the respective voluntary policy, custom, and/or practice of Macomb County, and/or its final policymaker.

18. Defendant had a voluntary policy and/or practice sufficient to impose damages and other relief pursuant to *Monell v New York City Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

19. Specifically, Defendant made the affirmative, voluntary, and discretionary decision to select and designate its own treasurer to act as the Foreclosing Governmental Unit. *See* MCL 211.78(3)-(6).

20. Moreover, the Defendant, either through enactment of laws or regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority has administered the County's foreclosure and auction process generally, including MCL 211.78m(8), so that after the county sells a parcel at auction, the county retains the entire amount of the proceeds, even if the proceeds exceed the amount of the tax delinquency.

21. According, the actions at issue here were undertaken pursuant to an official county policy for purposes of *Monell*.

22. The actions of Defendant were designed to intentionally or wantonly cause harm due to the utter disregard of constitutionally protected rights.

## COUNT I

## TAKING – FIFTH/FOURTEENTH AMENDMENT IN VIOLATION OF 42 USC §1983

23. Plaintiff incorporates he preceding paragraphs as if more fully set forth herein.

24. This claim is being made by Plaintiff Faytima Howard against the Defendant pursuant to 42 U.S.C. § 1983 and § 1988.

25. The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by the defendant.  *See Tyler v Hennepin*, 143 S. Ct. 1369 (2023).

26. The Defendant has taken the Plaintiff's property interests in the form of surplus proceeds and have appropriated this property for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

27. Defendant has failed to pay just compensation.

28. Plaintiff has been injured and suffered damages.

## COUNT II
## STATE LAW – INVERSE CONDEMNATION

29. Plaintiff incorporates the preceding paragraphs as if more fully set forth herein.

30. The Defendant has taken Plaintiff's property interests in the form of surplus proceeds and has appropriated this property for public use without the payment of just compensation.

31. Defendant has done so without using any direct condemnation processes, including those outlines under the Uniform Condemnation Procedures Act, MCL 213.51, et seq.

32. Defendant has failed to pay just compensation to Plaintiff.

33. Defendant does not intend to pay Plaintiff just compensation.

34. An inverse condemnation has occurred and Plaintiff has been damaged.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests;

A. A declaration that Defendant's conduct is unconstitutional under federal and state constitutions, even if being undertaken consistent with Michigan's General Property Tax Act;

B. An award of any and all damages available under law as applicable, including but not limited to an award of nominal and punitive damages as is deemed proper against Defendant;

C. An award of interest.

D. An award of attorney fees and expenses as allowed by law;

E. Such other and different relief as is just and equitable.

/s/ Mark K. Wasvary
Mark K. Wasvary P51575
Attorney for Plaintiff
2401 W. Big Beaver Rd, Ste 100
Troy MI  48084
248-649-5667

Dated: October 13, 2023